JMH:EWS
F. #2022R00289

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | C O M P L A I N T |
| - against - | (T. 18, U.S.C., §§ 844(a)(1) and 844(i)) |
| JOSEPH ELIAS, | 22-MJ-586 |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

EASTERN DISTRICT OF NEW YORK, SS:

   ROBERT CANDREA, being duly sworn, deposes and states that he is a Detective with the New York City Police Department, duly appointed according to law and acting as such.

   On or about March 22, 2022, within the Eastern District of New York and elsewhere, the defendant JOSEPH ELIAS did knowingly, intentionally and maliciously damage and destroy, and attempt to damage and destroy, by means of fire, a building and other real and personal property used in interstate commerce, to wit: the Magnum Automotive Body Shop, located at 365 Vandervoort Avenue, Brooklyn, New York 11211.

   (Title 18, United States Code, Section 844(a)(1) and 844(i))

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. I am a Detective with the New York City Police Department ("NYPD") assigned to the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") New York City Arson and Explosion Task Force. I have been involved in the investigation of numerous cases involving arson and explosives. I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the investigative file, including the defendant's criminal history record; and from reports of other law enforcement officers involved in the investigation.

2. On March 22, 2022 at approximately 5:30 AM EST, the Fire Department of New York responded to an explosion and fire at the Magnum Automotive Body Shop ("Magnum"), located at 365 Vandervoort Avenue in Brooklyn, New York, 11211.[2] The fire ignited while workers were operating at a rebar business next door, with trucks moving in and out of the area. Because Magnum has an outdoor lot where its inventory of vehicles is located, the fire was not contained to a single building. Moreover, the fire reached very high

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

[2] Magnum is used in interstate and/or foreign commerce and in an activity affecting interstate and/or foreign commerce. For example, Magnum purchases goods used in its business that are manufactured outside of the State of New York or from businesses that are located outside of the State of New York.

temperatures, causing the aluminum on several vehicles to burn. Based on the evidence set forth below, I believe that the fire at Magnum was started deliberately by the defendant JOSEPH ELIAS.

3. Two witnesses ("Witness-1" and "Witness-2," respectively) separately called 911 to report the fire at Magnum. Witness-2 told emergency personnel during the 911 call that Witness-2 saw a person throw a lit object over Magnum's fence. Witness-1 corroborated Witness-2's account of how the fire started and described the perpetrator—later identified as the defendant JOSEPH ELIAS, as set forth in more detail below—as wearing blue jeans, a dark colored hoodie (i.e., a sweatshirt), and green goggles, and was carrying an orange object near his face. Witness-2 likewise reported that the perpetrator was wearing a hooded sweatshirt.

4. Law enforcement subsequently canvassed the area to collect and review surveillance footage recorded during the morning of March 22, 2022. I have reviewed that surveillance footage and observed an individual—later identified as the defendant JOSEPH ELIAS, as described in more detail below—wearing one or more of the articles of clothing that Witness-1 and Witness-2 stated were worn by the person they observed throwing a lit object over Magnum's fence. Security cameras captured the defendant's direct travel to and from Magnum

3

from a residential building on Debevoise Avenue, approximately two blocks away, as depicted in the map below. Magnum is identified by a red triangle inside a red circle.



5.      Specifically, the surveillance video of the surrounding area depicts a person wearing blue jeans, a dark colored sweatshirt, and green goggles and carrying an orange object exit 50 Debevoise Avenue at approximately 5:30 AM EST. It then captures the person traveling by foot through the courtyard of 50 Debevoise Avenue and headed towards Morgan Avenue, after which point the person travels up Jackson Street and makes a right hand turn on Vandervoot Avenue. The individual then ran away from Magnum towards Jackson Street and Morgan Avenue, before returning to 50 Debevoise Avenue. The following still images respectively depict the defendant exiting 50 Debevoise Avenue before (the image on the left,

"Image-1") and re-entering the building after the arson (the image on the right ("Image-2," and, collectively with Image-1, "the Images").

 

6. Law enforcement subsequently showed the Images to Witness-1. In sum and substance and in part, Witness-1 identified the individual depicted in the Images (i.e., the defendant) as the same person that Witness-1 observed committing the arson at Magnum.

7. In separate interviews, law enforcement showed Image-2 to two officers (hereinafter, "Officer-1" and "Officer-2") from the NYPD precinct serving 50 Debevoise Avenue. Law enforcement agents explained that they were investigating an arson and had a person of interest, but they did not reveal the name of that person. Officer-1 and Officer-2, while separated from one another, both identified the person depicted in Image-2 as JOSEPH ELIAS.

8. Officer-1 stated, in part and substance, that Officer-1 readily recognized JOSEPH ELIAS in Officer-1's capacity as a field intelligence officer. Officer-2 stated, in part and substance, that Officer-2 recognized ELIAS in Officer-2's capacity as a neighborhood

5

coordination officer. In that role, Officer-2 is responsible for providing evidence to generate "wanted" notices for suspects of crimes. To this end, Officer-2 has previously supplied videos of an individual committing a crime—later identified as ELIAS—for this very purpose. Officer-2 further stated, in part and substance, that Officer-2 also had observed ELIAS walking around the neighborhood surrounding 50 Debevoise Avenue on several occasions.

9. After the arson, the operator of Magnum ("the Owner") received a phone call from an unidentified person who offered to tell the Owner who committed the arson at Magnum if the Owner paid the unknown person. The Owner agreed to do so. Afterwards, the Owner received a call from a person who identified as the culprit an individual who is not the defendant (hereinafter "Individual-1").

10. I do not believe Individual-1 is the person who committed the arson at Magnum. Individual-1 was arrested on March 22, 2022 (the same day as the arson) for a shooting he allegedly committed at approximately 8:00 AM on Kingsland Avenue in Brooklyn, New York. The surveillance footage capturing Individual-1 near the scene of the shooting does not resemble the person depicted in the Images, nor were the two persons wearing the same clothing. The officer who arrested Individual-1 has reviewed the Images capturing the suspect exiting and entering 50 Debevoise Avenue around the time of the arson and concluded that this is not the same person as the individual who the officer arrested that day. I have also compared a photograph of Individual-1 with the defendant and do not believe the two are the same individuals. In particular, Individual-1, who appears to be older in the photograph I reviewed, is nearly ten years older than the defendant. Moreover, based on records I have reviewed, I know

that the defendant lives at 50 Debevoise Avenue, whereas Individual-1 lives in a different building elsewhere in the neighborhood.

11. WHEREFORE, your deponent respectfully requests that the defendant JOSEPH ELIAS, be dealt with according to law.

### REQUEST FOR SEALING

12. I further request that the Court order that the complaint and arrest warrant be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is not public nor known to the target of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation by allowing the target to flee, change behavior, or destroy evidence.

_____
Robert Candrea
Detective, New York City Police Department
New York City Police Department

Sworn to before me this
31st day of May, 2022  by telephone

_____
s/ James R. Cho
HONORABLE JAMES R. CHO
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK